UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

S & H LEASING, LLC, doing business as
S & H MOTOR SALES AND LEASING,
an Indiana limited liability company,

        Plaintiff,                               Case No. 1:17-CV-50

v.

S&H AUTOMOTIVE GROUP, LLC, a Michigan limited
liability company and BRANDON SMITH
and PAUL HARGREAVES,

        Defendants.

---

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff S & H Leasing, LLC, doing business as S & H Motor Sales and Leasing ("S&H or "S&H Motor Sales"), by and through its attorneys, Barnes & Thornburg LLP, states for its complaint against Defendants S&H Automotive Group, LLC ("S&H Automotive"), Brandon Smith and Paul Hargreaves, as follows:

### INTRODUCTION

1.     This is an action for trademark infringement, trade dress infringement, and unfair competition. Plaintiff S&H seeks redress for a variety of claims arising out of Defendants' unauthorized use of Plaintiff's trademarks and trade dress that have caused consumer confusion and have served as a market displacement for Plaintiff's goods and services.

### PARTIES

2.     Plaintiff S&H Motor Sales is an Indiana limited liability company which has its principal place of business at 51466 State Road 19, Elkhart, Indiana, 46514. Its two members

are Keith Harper and Kathy Summers-Harper, both of whom are residents of Edwardsburg, Michigan.

3.      Defendant S&H Automotive Group, LLC is a Michigan limited liability company. According to the Michigan Department of Licensing and Regulatory Affairs, its resident agent is United States Corporation Agents, Inc. at 336 W. First Street, Suite 113, Flint, Michigan, 48520. Its principal business address is 2640 S. 11th Street, Niles, Michigan, 49120.  Upon information and belief, its two members are Brandon Smith and Paul Hargreaves.

4.      Defendant Brandon Smith is one of the two members of S&H Automotive Group, LLC.  Upon information and belief, he resides at 311 Cass Street, Niles, Michigan, 49120.

5.      Defendant Paul Hargreaves is one of the two members of S&H Automotive Group, LLC.  Upon information and belief, he resides at 2258 Invicta Drive, Niles, Michigan, 49120.

## JURISDICTION AND VENUE

6.      This is an action for trademark infringement and use of false designations of origin under 15 U.S.C. §1125(a); for trade dress infringement under 15 U.S.C. §1125(a); for violation of the Michigan Consumer Protection Act, MCL §445.903; and for unfair competition and unjust enrichment under Michigan common law.

7.      This court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338(a) and (b), and supplemental jurisdiction over the claims arising under Michigan law pursuant to 28 U.S.C. §1367(a) because the state law claims are sufficiently related to the federal claims that they form part of the same case or controversy.

8.      This court has both general and specific personal jurisdiction over Defendants consistent with MCL §600.711 and 600.715 because each Defendant is a citizen and resident of this district and physically located in this district.  Defendants have established their presence in this district and have completed sales in this district and throughout the State of Michigan. Defendants also have continuous and systematic contacts with the State and have purposefully availed themselves of the privilege of acting in this State.  In addition, this action arises, at least in part, from S&H Automotive's transaction of business within the State of Michigan and its tortious activity within the State of Michigan.  Plaintiff has been harmed and continues to be harmed in the State of Michigan (as well as Indiana) from Defendants' actions.

9.      This district is the proper venue for this action pursuant to 28 U.S.C. §1391(b) and (c).  On information and belief, this district is Defendants' residence and/or principal place of business, Defendants have transacted business in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

10.     S&H Motor Sales has been in the business of buying, selling, and financing quality used cars, SUVs, and trucks in Elkhart, Indiana since 2009.  The principal of S&H Motor Sales, Keith Harper, has been in the business of buying, selling, and financing both new and used cars since approximately 1979.  He worked for a local Chevrolet dealership from approximately 1979 to 1994.  He then went into business under the name, RC Leasing, which was in the same business as S&H Motor Sales from approximately 1994 until 2009.   Then, in 2009, he established S&H Motor Sales.

11.     S&H Motor Sales, and its principal Mr. Harper, has developed a reputation for selling high-quality preowned vehicles and providing superior customer service and a hassle-free

buying experience since 2009.  In addition, S&H Motor Sales spends a substantial amount annually (approximately $70,000) to advertise its business on the Internet, including on Facebook, CarGurus, Autotrader, Beyond Big Marketing and Cars.com, to develop and maintain its reputation in the marketplace.

12.     Customers come to S&H Motor Sales in Elkhart from the entire Michiana area, including Elkhart, Goshen, Osceola, South Bend, and Mishawaka, in Indiana, and Edwardsburg, Cassopolis, and Niles in Michigan.  S&H Motor Sales regularly sells vehicles to customers from Niles, Michigan, where S&H Automotive has now begun to do business.  In addition, S&H Motor Sales does a substantial volume of business through its website, selling to customers from Chicago, Indianapolis, and Detroit, among other places.

13.     Since 2009, Plaintiff has continuously and exclusively used the name "S&H" or "S&H Motor Sales" or "S&H Sales and Leasing" in the Michiana area in association with its sale, leasing, and financing of quality used cars, trucks, and SUVs.

14.     Since 2009, Plaintiff has also continuously and exclusively used the non-functional color scheme of black and silver, with a prominent "S&H" in silver and black, to indicate its products and services in the Michiana area.  The "S&H" logo, the non-functional black and silver color scheme, and the outline of a sports car in silver and black are used on Plaintiff's signage at its location in Elkhart, Indiana.  *See* **Exhibits 1 and 2** (pictures of signage).

15.     Plaintiff has also continuously and exclusively used the name S&H and this non-functional black and silver color scheme throughout its website (www.shmotorsales.com) where it provides sales, leasing, and financing information, advertising, and other valuable information about Plaintiff's products and services to consumers in the Michiana area and indeed worldwide. *See* **Exhibit 3** (screenshots from homepage of S&H Motor Sales' website).

4

16.     As a result of its continuous and exclusive use of the non-functional color scheme of black and silver on its website, with a prominent "S&H" in silver and black, Plaintiff has acquired trade dress rights in the use of the colors silver and black.

17.     On or about September, 1, 2016, Defendant Paul Hargreaves telephoned Keith Harper, the principal member of S&H Motor Sales, for advice about how to open and operate a used-car sales and leasing operation.  Harper has known Hargreaves for approximately 25 years. During that time, Hargreaves and Harper have both been involved in the automobile business, and Hargreaves was, at various times, something of Harper's competitor.

18.     Nonetheless, during the course of their telephone conversation, Harper explained a lot of the mechanics of opening and operating a used car business.  He discussed how to obtain floorplan financing, deal with vendors, and customers, and the like.

19.     At the end of the call, Hargreaves confessed that he had actually already set up a competing business and that he had "copied" him and named the business "S&H Automotive."

20.     After his conversation with Hargreaves, Harper and others at S&H Motor Sales began investigating and learned that Defendants have opened a used car dealership named S&H Automotive Group at 2640 South 11th Street, Niles, Michigan, 49120.

21.     It appears, based on documents filed with the Michigan Department of Licensing and Regulatory Affairs, that S&H Automotive Group filed its Articles of Organization on or about February 11, 2016.  It is unclear when S&H Automotive opened for business, however.

22.     S&H Automotive has erected signage and various other trade dress that displays an S&H logo, contains S&H's distinctive black and silver color scheme, and contains the outline of a sports car.  *See* **Exhibit 4** (picture of S&H Automotive's signage).

23. S&H Automotive's website, www.shautogroup.com, has a confusingly similar Web address to S&H Motor Sales' Web address (www.shmotorsales.com). In addition, S&H Automotive's website uses the same silver and black color scheme and displays the S&H logo in a similar fashion. In addition, it contains essentially the same drop-down menus on the website's home page (Home, Inventory, Staff, Testimonials, Contact, and Finance) as S&H Motor Sales does (Home, Inventory, Financing, Reviews, Our Store, Car Finder, Contact Us, and About S&H). *See* **Exhibit 5** (screenshot of homepage of S&H Automotive's website).

24. Since that time, a number of incidents have occurred that demonstrate that S&H Automotive has caused substantial confusion in the consumer marketplace. At least twelve people have asked S&H Motor Sales' personnel in the last few months if S&H Motor Sales has opened another dealership in Niles, Michigan. Defendant S&H Automotive in Niles, Michigan is only approximately 16 miles away from Plaintiff S&H Motor Sales in Elkhart, Indiana.

25. As S&H Motor Sales' General Manager Tom Hagen has stated in his affidavit (**Exhibit 6**), numerous events took place in November and December 2016 that demonstrate confusion in the marketplace. These include being mistaken for S&H Automotive with respect to S&H Automotive's failure to pay Greater Kalamazoo Auto Auction ("GKAA") for a number of vehicles it had financed. *Id.* Being mistaken for another dealer regarding that dealer's failure to honor its financial commitments damages S&H Motor Sales' reputation in the marketplace.

26. In addition, during November or December 2016, another S&H Motor Sales representative attended the GKAA and was given paperwork dealing with a vehicle transaction that actually was intended for S&H Automotive.

27. S&H Motor Sales' financial institution, Community Wide Federal Credit Union, has also been confused, causing S&H Motor Sales to be unable to process and track some of its

6

financing transactions. S&H Automotive chose to use Community Wide as one of its finance companies, which is one of the same financial institutions that S&H Motor Sales has used since 2009. In November, 2016, Community Wide accidentally deleted S&H Motor Sales' "Dealertrack account" (an internet-based tool used by dealers and financing companies to track the status of financed transactions) because Community Wide was attempting to set up an account for S&H Automotive Group. Upon information and belief, Community Wide deleted S&H Motor Sales' Dealertrack account because it appeared to be duplicative of the new account being set up for S&H Automotive Group. As a result, S&H Motor Sales was not able to process and/or track its financing transactions for a period of time until Community Wide and/or Dealertrack set up S&H Motor Sales' account again. This business interruption resulted in unnecessary cost and potential lost revenue to S&H Motor Sales.

28. Even the Michigan Secretary of State's office in charge of licensing automobiles has been confused by S&H Automotive's entry into this market. Shortly after November 11, 2016, the Michigan Secretary of State's office sent to S&H Motors various title documents with respect to the sale of a 2004 Buick station wagon that occurred on or about that date with S&H Automotive Group. *See* **Exhibit 7**.

29. And again, on or about November 22, 2016, the Michigan Secretary of State again transmitted to S&H Motor Sales title documents related to a transaction that occurred on or about November 8, 2016 with S&H Automotive. *See* **Exhibit 8**.

30. On or about November 7, 2016, counsel for S&H Motor Sales sent S&H Automotive Group a cease-and-desist letter, advising S&H Automotive Group that its actions were creating consumer confusion in the marketplace and constituted trademark infringement, trade dress infringement, and unfair competition. Counsel advised that S&H Automotive was to

7

agree to cease and desist its use of "S&H" in connection with its corporate name, website, and marketing on or before November 14, 2016. *See* **Exhibit 9**.

31.     Defendants have ignored Plaintiff's cease and desist letter and continue to sell, lease, and finance used cars using Plaintiff's distinctive "S&H" name, including on the Internet at www.shautogroup.com and at their physical location in Niles, Michigan. Defendants also continue to do so using Plaintiff's distinctive black and silver color scheme for its S&H logo and its website.

### COUNT I – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(A)

32.     Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

33.     Plaintiff has continuously and exclusively used the S&H trademark in association with the sale, leasing, and financing of automobiles, trucks, and SUVs since as early as 2009. It has spent substantial sums annually to advertise its business in the marketplace.

34.     Plaintiff's S&H trademark is inherently distinctive in the relevant marketplace or, in the alternative, has acquired secondary meaning through its longstanding use in commerce.

35.     Through its continuous and exclusive use of the S&H trademark since as early as 2009, Plaintiff has acquired common law trademark rights in and to its S&H trademark.

36.     Defendants use and continue to use, without authorization, Plaintiff's common law S&H trademarks in the sale, leasing, and financing of automobiles, trucks, and SUVs.

37.     Defendants' unauthorized use in commerce of Plaintiff's trademarks and trade name is likely to cause confusion, to cause mistake, or to deceive the relevant public that products and services offered for sale by Defendants are authorized by, connected to, or affiliated

with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products and services by Plaintiff.

38.     The above-described acts of Defendants constitute use of false designations of origin and false and misleading descriptions or representations that are likely to cause confusion; to cause mistake; or to mislead as to the affiliation, connection, of association of Defendants or their goods and services with Plaintiff and the goods and services sold under the trademarks or trade names of Plaintiff in violation of 15 U.S.C. §1125(a).

39.     Defendants did not have Plaintiff's consent to use Plaintiff's S&H trademark or the other distinctive features of its marketing.

40.     Defendants' unauthorized use of Plaintiff's mark has resulted in Defendant unfairly benefitting from Plaintiff's advertising and promotion, and profiting from the reputation of Plaintiff's mark, to the substantial and irreparable injury of the public, Plaintiff, and the substantial goodwill associated with its mark.  Unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer substantial irreparable injury.

41.     Plaintiff has suffered monetary damages and a loss of goodwill associated with its S&H marks.

42.     Defendants' use of the S&H marks constitutes false designation of origin in violation of 15 U.S.C. §1125(a).

43.     Plaintiff is entitled to recover up to three times Defendants' profits, any damages sustained by Plaintiff, and the costs of the action consistent with 15 U.S.C. §1117.

44.     Plaintiff is also entitled to prejudgment interest, the costs of this action, and attorney's fees consistent with 15 U.S.C. §1117 because this is an exceptional case.

45.     In addition, Plaintiff has no adequate remedy at law.

## COUNT II – TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. §1125(A)

46.     Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

47.     The "S&H" logo and the silver and black coloring in Plaintiff's signage and marketing materials, including its website, is distinctive in the relevant marketplace.

48.     The "S&H" logo and the silver and black coloring in Plaintiff's signage and marketing materials, including its website, is primarily nonfunctional.

49.     The "S&H" logo and the silver and black coloring in Plaintiff's signage and marketing materials, including its website, identifies the source of the product or services rather than the product itself in the minds of the public.

50.     Defendants' use of the "S&H" logo and the silver and black coloring for its signage and marketing materials, including its website, is confusingly similar.

51.     Defendants' use of the "S&H" logo and the silver and black coloring for its signage and marketing materials, including its website, has caused actual confusion in the marketplace.

52.     As a result, Plaintiff has suffered monetary damages and a loss of goodwill associated with its use of the "S&H" logo and the silver and black coloring for its trade dress.

53.     Defendants' actions constitute trade dress infringement in violation of 15 U.S.C. §1125(a).

54.     Plaintiff is entitled to recover up to three times Defendants' profits, any damages sustained by Plaintiff, and the costs of the action consistent with 15 U.S.C. §1117.

55.     Plaintiff is also entitled to prejudgment interest, the costs of this action, and attorney's fees consistent with 15 U.S.C. §1117 because this is an exceptional case.

56.     In addition, Plaintiff has no adequate remedy at law.

**COUNT III – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT**

57.     Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

58.     Defendants have knowingly made false and misleading representations regarding their goods or services and have knowingly made false representations as to their affiliation with Plaintiff.

59.     Defendants' above-described acts constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of the Michigan Consumer Protection Act.  MCL §445.903(1)(a)-(c), (bb).

60.     Defendants' above-described conduct has caused Plaintiff to suffer damages and loss such that Plaintiff is entitled to recover his actual damages, together with reasonable attorney's fees pursuant to MCL §445.911(2).

61.     In addition, Defendants' above-described conduct has caused substantial irreparable injury to Plaintiff, and unless such conduct is enjoined, Defendants' conduct will continue and Plaintiff will continue to suffer substantial irreparable injury.

62.     Plaintiff has no adequate remedy at law; therefore Plaintiff is entitled to injunctive relief pursuant to MCL §445.911(1)(b).

**COUNT IV – COMMON LAW UNFAIR COMPETITION**

63.     Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

64.     Defendants have used in commerce Plaintiff's trademark, trade name, and trade dress without the authorization or consent of Plaintiff, in connection with the sale and offer for sale of goods and services similar to those sold by Plaintiff.

65.     Defendants' use of Plaintiff's trademark, trade name, and trade dress is calculated to, likely to, and does in fact confuse and deceive consumers and other businesses about Defendants' goods and services and their affiliation with Plaintiff.

66.     Defendants and Plaintiff are in direct competition with each other.

67.     Defendants' unauthorized use of Plaintiff's marks, trade name, and trade dress constitutes palming off under the common law.

68.     Defendants' above-described conduct constitutes the infringement of Plaintiff's common law rights in its trademark, trade name, and trade dress and unfair competition in violation of the common law of the State of Michigan.

69.     Defendants' above-described conduct has resulted in Defendant unfairly benefitting from Plaintiff's advertising and promotion, and profiting from the reputation of Plaintiff and Plaintiff's marks and trade dress, to the substantial and irreparable injury of the public, Plaintiff, and the substantial goodwill represented by Plaintiff's marks and trade dress.

70.     As a result, Plaintiff has suffered monetary damages and a loss of goodwill associated with its marks and trade dress.

71.     In addition, unless Defendants' above-described conduct is enjoined, it will continue and Plaintiff will continue to suffer substantial irreparable injury.

72.     Plaintiff has no adequate remedy at law.

## COUNT V – UNJUST ENRICHMENT

73.     Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

74.     The above-described acts constitute unjust enrichment of Defendants at Plaintiff's expense, in violation of the common law of the State of Michigan.

75.     In particular, Defendants have benefited from Plaintiff's reputation, developed over years of business in the marketplace along with extensive amounts paid on advertising and marketing, by using a confusingly similar name and color scheme on its website and signage and creating the impression that S&H Automotive is affiliated with or part of S&H Motor Sales.

76.     Retaining that benefit would result in inequity to Plaintiff.

77.     As a result, Plaintiff is entitled to the amount by which it has been harmed or Defendants have been unjustly enriched.

## COUNT VI – PIERCING THE CORPORATE VEIL

78.     Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

79.     S&H Automotive is in the business of deceiving the consuming public and trading on S&H's goodwill by the above-described acts.

80.     Defendants Paul Hargreaves and Brandon Smith are members and/or officers of S&H Automotive and control S&H Automotive.

81.     S&H Automotive is a mere instrumentality through which Hargreaves and Smith perpetrate the above-described acts.

82. The advantages and protections afforded officers, directors, and members of a limited liability company under Michigan law do not apply when the limited liability company is used to facilitate fraudulent or deceptive activities.

83. As described above and throughout this Verified Complaint, S&H Motor Sales has been unjustly injured and suffered losses because of the activities of S&H Automotive and its principals, Hargreaves and Smith.

84. For the foregoing reasons, Defendants Hargreaves and Smith are liable for the activities of S&H Automotive, as well as for any activities undertaken in their personal capacity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this this court enter judgment as follows:

A. Preliminarily and permanently enjoining Defendants, their agents, representatives, employees, assigns, owners, and members, and all persons acting in concert or privity with them, from using Plaintiff's trademark, trade name, trade dress, or any other names or marks that are likely to cause confusion, to cause mistake, or to deceive with respect to Plaintiff's trademark or trade name or trade dress, including selling or offering for sale any services that use Plaintiff's trademark, trade name, or trade dress, or from competing unfairly with Plaintiff;

B. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or other entities from deriving any erroneous impression that any product or service at issue in this action has been advertised, marketed, promoted, offered for sale, or sold by Defendants, has been authorized by Plaintiff, or is in any way related with Plaintiff;

C.      Awarding Plaintiff all damages to and costs incurred by it because of Defendants' activities and other conduct complained of herein, together with all profits of Defendants for such activities;

D.      Awarding Plaintiff treble damages as provided under 15 U.S.C. §1117;

E.      Declaring that this is an exceptional case and awarding Plaintiff its reasonable attorneys' fees and costs as provided by law;

F.      Awarding Plaintiff pre-judgment and post-judgment interest in the damages caused by S&H Automotive's conduct complained of herein; and

G.      Granting Plaintiff such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Respectfully submitted,

/s/ Brian E. Casey
George Horn (13957-71)
Brian E. Casey (23263-71)
BARNES & THORNBURG LLP
100 N. Michigan Street, Suite 700
South Bend, Indiana  46601
Telephone:  (574) 233-1171
george.horn@btlaw.com
brian.casey@btlaw.com

Counsel for Plaintiff

## VERIFICATION

I affirm under the penalties for perjury that the facts sated in the foregoing verified

complaint are true.

Keith Harper, Member
Member, S&H Leasing, LLC

DMS 4588781v1