UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

S & H LEASING, LLC, doing business as
S & H MOTOR SALES AND LEASING,
an Indiana limited liability company,

   Plaintiff,         Case No. 1:17-CV-50

v.                Hon. Paul L. Maloney

S&H AUTOMOTIVE GROUP, LLC, a Michigan  Magistrate Judge Phillip J. Green
limited liability company, BRANDON SMITH
and PAUL HARGREAVES,

   Defendants.


## **CONSENT JUDGMENT**

   S&H Leasing, LLC, doing business as S&H Motor Sales and Leasing ("Plaintiff" or "S&H"), Brandon Smith ("Smith") and S&H Automotive Group ("SHAG"), certain of the parties in the above-captioned action, have agreed to terms and conditions representing a negotiated settlement of Plaintiff's claims against Defendants Smith and SHAG and have set forth those terms and conditions in a Settlement Agreement (the "Settlement Agreement"), the terms and conditions of which are hereby incorporated into this Judgment by reference. Now the parties, by their respective undersigned attorneys, hereby consent to the entry of this Judgment and Permanent Injunction, based on the following stipulated findings of fact and conclusions of law, which the Court hereby adopts for purposes of entry of this Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      Plaintiff S&H is an Indiana limited liability company which has its principal place of business at 51466 State Road 19, Elkhart, Indiana, 46514.  Its two members are Keith Harper and Kathy Summers-Harper, both of whom are residents of Edwardsburg, Michigan.

2.      S&H has been in the business of buying, selling, and financing quality used cars, SUVs, and trucks in Elkhart, Indiana since 2009.  S&H has developed a reputation for selling high-quality preowned vehicles and providing superior customer service and a hassle-free buying experience since 2009.  In addition, S&H spends a substantial amount annually to advertise its business on the Internet, and to develop and maintain its reputation in the marketplace.

3.      SHAG is a Michigan limited liability company.  Its principal business address is 2640 S. 11th Street, Niles, Michigan, 49120.  One of SHAG's members is Defendant Brandon Smith.

4.      Beginning in 2016, SHAG began buying, selling, and financing used cars, SUVs, and trucks.  SHAG's business activities have led to confusion in the marketplace between S&H and SHAG and is likely to dilute and does dilute the distinctive quality of S&H's trademark and trade dress.  SHAG's use of the "S&H" mark and the trade dress used by S&H is likely to injure and does injure S&H's business reputation.

5.      On January 13, 2017, S&H initiated this action by filing a Complaint against Defendants alleging trademark infringement and use of false designations of origin under 15 U.S.C. §1125(a); for trade dress infringement under 15 U.S.C. §1125(a); for violation of the Michigan Consumer Protection Act, MCL §445.903; and for unfair competition and unjust enrichment under Michigan common law.

6.     Each of the Defendants has been properly served with a copy of the Summons and Complaint.  In addition, each of the Defendants was properly served with Plaintiff's Motion for Preliminary Injunction.   Defendants Smith and SHAG have appeared in this litigation. Defendant Hargreaves did not and so has been defaulted.

7.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338(a) and (b), and supplemental jurisdiction over the claims arising under Michigan law pursuant to 28 U.S.C. §1367(a) because the state law claims are sufficiently related to the federal claims that they form part of the same case or controversy.  This Court therefore also has subject matter jurisdiction over any actions to enforce the terms of this Judgment.

8.     This Court has both general and specific personal jurisdiction over Defendants consistent with MCL §600.711 and 600.715 because each Defendant is a citizen and resident of this district and physically located in this district.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c).

## PERMANENT INJUNCTION AND ORDER

10.     Based on the Settling Parties' stipulation and agreement hereto, IT IS ORDERED, ADJUDGED AND DECREED that JUDGMENT IS ENTERED AGAINST Defendant SHAG on each of Plaintiff's claims.  Therefore, Defendant SHAG and each of its officers, directors, members, partners, agents, representatives, employees, assigns, and owners, and all persons acting in concert or privity with them, ARE HEREBY PERMANENTLY ENJOINED from, directly or indirectly:

(a)     Using Plaintiff's trademark, trade name, trade dress, or any other names or marks that are likely to cause confusion, to cause mistake, or to deceive

with respect to Plaintiff's trademark or trade name, or trade dress, including selling or offering for sale any services that use or dilute Plaintiff's trademark, trade name, trade dress, or other names, or from competing unfairly with Plaintiff;

(b) Committing trademark infringement, trademark dilution, false advertising, false designation of origin, false descriptions, and/or unfair competition, or otherwise engaging in any other act or making any other statement that infringes or dilutes S&H's trademarks or trade dress; and

(c) Engaging in any course of conduct that is likely to mislead or does mislead the public into believing that Defendants are affiliated, associated or otherwise connected with S&H, or conduct that is likely to mislead the public into believing that the products and/or services marketed and/or offered for sale by the Defendants are related to S&H.

11. Additionally, the Settling Defendants are hereby **ORDERED** as follows:

(a) Within thirty (30) days from the date of the entry of this Consent Judgment, SHAG will change its legal name (and any trade names) to Smith Automotive, LLC;

(b) Within thirty (30) days from the date of the entry of this Consent Judgment, SHAG will rebrand its business in accordance with the following schedule:

(i) Within seven (7) days from the date of the entry of this Consent Judgment, SHAG will make visible disclaimers on its website and

new printed advertisements to inform customers to the effect that SHAG is not affiliated with Plaintiff's business;

(ii)    Within fourteen (14) days from the date of the entry of this Consent Judgment, SHAG will complete designs for new signage and apply for any sign permit required by the local municipalities. That signage shall not include the name "S&H" and it shall not have any of the trade dress described in the Litigation (*i.e.*, black and silver or gray colors and an automobile outline or silhouette);

(iii)    Replacement signage will be erected within thirty (30) days;

(iv)    Within thirty (30) days from the date of the entry of this Consent Judgment, the SHAG website(s) will be rebranded with the agreed-upon trade name(s) and a new domain name which will not begin with SH or S&H, and the current domain name, www.shautogroup.com will be inactivated so that it no longer points to SHAG's website. In addition, the website(s) shall not have similar trade dress (*i.e.*, black and silver or gray colors and an automobile outline or silhouette).

(v)    SHAG must, pursuant to 15 U.S.C. §1116(a), file with the Court and serve on counsel for Plaintiff within sixty (60) days from the entry of this Consent Judgment, a report in writing and under oath, setting forth in detail the manner and form in which SHAG has complied with this injunction and order.

(c)    In the event that Defendants Smith or SHAG expect to miss a construction or website-related deadline due to a reasonably unavoidable or unexpected delay, Smith and SHAG are required to notify Plaintiff (and Plaintiff's counsel) promptly of the delay and the reason for the delay; and Smith and SHAG then have a single, one-time 30-day period to cure the failure to comply with the deadline.

(d)    Defendant Smith will pay $10,000 in damages to Plaintiff. This amount may be paid in equal installments over the course of six months from the date of the execution of the Settling Parties' Settlement Agreement.

12.    Plaintiff will file a Notice of Satisfaction of Judgment with the Court, seeking dismissal of any claims against Smith with prejudice and/or informing the Court that the judgment has been satisfied within seven (7) days of the date Smith has completed his payment obligations pursuant to this Consent Judgment.

13.    This Court shall retain jurisdiction over this matter to enforce a violation of the terms of this Judgment. In the event the Settling Defendants breach any terms of this Judgment, or otherwise infringe or dilute S&H's trademark rights, S&H shall be entitled to injunctive relief, damages, profits, attorney's fees, and any such other relief as the Court deems just and proper.

14.    This Consent Judgment is a final adjudication on the merits.

15.    S&H, its successors and/or its assigns may enforce compliance with this Consent Judgment.

16.    By consenting to this Consent Judgment, the Settling Defendants waive any and all claims and counterclaims that they could have raised in this Action. No appeals shall be

taken from this Judgment, and the Settling Parties hereby waive all right to appeal from this Judgment.

     17.     Each party bears its own costs and attorneys' fees.

    **DONE AND ORDERED** this _22nd_ day of ___June__, 2017.


                     /s/ Paul L. Maloney
               _____
               United States District Judge